Jack Shaw (Bar No. 309382)
Jack.Shaw@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
3000 El Camino Real, Suite 5-400
Palo Alto, CA 94306
Tel.: (650) 645-9019
Fax: (650) 687-8326

*Attorney for Plaintiffs Zhejiang Fluorine*
*Chemical New Material Co., Ltd. and*
*Hubei Fluorine New Materials Co., Ltd.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEJIANG FLUORINE CHEMICAL NEW MATERIAL CO., LTD.; HUBEI FLUORINE NEW MATERIALS CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SOLVAY SPECIALTY POLYMERS ITALY S.P.A., <br><br> Defendant. | Case No. 25-cv-01664 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Zhejiang Fluorine Chemical New Material Co., Ltd. and Hubei Fluorine New Materials Co., Ltd. (collectively, "Plaintiffs"), for their Complaint for Declaratory Judgment against Defendant Solvay Specialty Polymers Italy S.P.A. ("Defendant"), allege as follows:

### NATURE OF THE ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States of America.

### THE PARTIES

2.     Plaintiff Zhejiang Fluorine Chemical New Material Co., Ltd. ("Zhejiang Fluorine") is a Chinese corporation having a principal place of business at No. 5, Weiyi Road, Shangyu Hangzhou Economic and Technological Development Zone, Zhejiang Province, China 312369.

3.      Plaintiff Hubei Fluorine New Materials Co., Ltd. ("Hubei Fluorine") is a Chinese corporation having a principal place of business at No. 6, Jin'ao Avenue, Zekou Sub-district Office, Qianjiang, Hubei Province, China 433100.

4.      On information and belief, Defendant Solvay Specialty Polymers Italy S.P.A. is an Italian corporation with a registered place of business at 20 Viale Lombardia, Bollate, Italy 20021. Solvay together with its affiliates is a conglomerate which offers a wide variety of chemical products such as soda ash, fluorine chemicals, rare earths and metal oxides, among others. (Ex. 1; *see also generally* Ex. 2.)  Solvay claims that it has over €4.9 billion sales, 45 production sites, over 9,000 employees and operates in 41 countries including the U.S. (Ex. 2.)

**JURISDICTION AND VENUE**

5.      This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Plaintiffs seek declaratory relief under the Declaratory Judgment Act.  Thus, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6.      An actual controversy exists between Plaintiffs on the one hand and Defendant on the other concerning whether Defendant's U.S. Patent No. 8,337,725 is infringed or not.

7.      This Court has personal jurisdiction over Defendant in that Defendant conducts business, including hiring and maintaining employees and salespersons, maintaining corporate offices, and licensing its intellectual properties to be used in the State of California and this judicial district.  (*See, e.g.*, Exs. 3-4.)  Defendant, directly or through intermediaries (including affiliates, distributors, retailers, and others), ships, distributes, offers for sale, sells, markets, promotes and advertises their products, in California and within this judicial district.  Furthermore, on information and belief, Defendant's products regularly enter the stream of commerce in the United States, including California and this judicial district.  As a result, Defendant purposefully avails itself of the privilege of doing business in the State of California and this judicial district.  Moreover, by doing business in the State of California and this judicial district, Defendant itself or through its affiliates avail itself of the protections of the State of California and this judicial district, and in turn, is subject to personal jurisdiction in the State of California and this judicial district.

8.    Venue is proper as to Defendant at least because it is a foreign company incorporated outside the United States, and thus may be sued in any judicial district in the United States, including this judicial district.

### DIVISIONAL ASSIGNMENT

9.    This case is a patent matter that is appropriate for district-wide assignment.

### STATEMENT OF FACTS

10.    On January 10, 2025, Defendant along with two other entities in its corporate family filed a complaint with the U.S. International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. §1337, alleging that the Plaintiffs infringed the Defendant's U.S. Patent No. 8,337,725 (the "'725 Patent").

11.    A copy of the '725 Patent is attached hereto as Exhibit 5.  The '725 Patent is entitled "Vinylidene Fluorine Copolymers."  The face of the '725 Patent lists Julio Abusleme, Riccardo Pieri, and Emma Barchiesi as the named inventors.  According to the ITC complaint (Ex. 6 at ¶ 14), Defendant claims to be the sole owner of the '725 Patent.

12.    Subsequently, on February 14, 2025, the ITC instituted the investigation as to all respondents proposed in the ITC complaint, including Plaintiffs.  The instituted ITC investigation is numbered as Inv. No. 337-TA-1439.  (Ex. 7.)

### FIRST CAUSE OF ACTION

### (DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,337,725)

13.    Plaintiffs hereby repeat, re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs above as though fully stated herein.

14.    There is an actual controversy between Plaintiffs on the one hand, and Defendant on the other, as to whether Plaintiffs infringe any claim of the '725 Patent.

15.    Plaintiffs do not import, make, use, offer to sell, or sell any patented invention of the '725 Patent within the United States.

16.    Plaintiffs have not infringed and do not infringe any claim of the '725 Patent.

17.    Accordingly, Plaintiffs seek a judgment declaring that they do not infringe and have not infringed, directly or indirectly, contributorily or by inducement, any claim of the '725 Patent.

1

## PRAYER FOR RELIEF

2      WHEREFORE, Plaintiffs pray for a judgment in their favor, including:

3      A.    A declaration that Plaintiffs have not infringed, and are not infringing, any claim of

4   the '725 Patent;

5      B.    An injunction prohibiting Defendant and its officers, agents, employees and attorneys,

6   and all persons in active concert or participation with it, from alleging infringement of the '725 Patent

7   by Plaintiffs and their customers and distributors;

8      C.    A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285;

9      D.    An award of Plaintiffs' reasonable attorneys' fees, costs and expenses; and

10     E.    Such other and further relief as the Court deems just and proper.

11

## JURY TRIAL DEMANDED

12     Plaintiffs demand a jury trial on all issues and claims so triable.

13

14   Dated: February 18, 2025                    Respectfully submitted,

15
                                                 PROCOPIO, CORY, HARGREAVES &
16                                                  SAVITCH LLP

17                                               By:  */s/ Jack Shaw*
                                                     Jack Shaw
18
                                                 *Attorney for Plaintiffs Zhejiang Fluorine*
19                                               *Chemical New Material Co., Ltd. and*
                                                 *Hubei Fluorine New Materials Co., Ltd.*
20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO. 25-cv-01664